Daniel, Judge.
 

 The defendant contends, first, that his brother, Hardy Jones, was a tenant in common of the staves with Jenkins; and that, as his brother was with him at the time the staves were taken and carried away, and assented to the act, it was not, in law, a larceny. The question for the decision of the Court is, was Hardy Jones a tenant in common with Jenkins in the staves? Jenkins was the sole owner of the land on which the timber trees grew that furnished the entire materials out of which the staves were manufactured. Hardy Jones did not lease the land, but he agreed with Jenkins to go on his land, and there, by himself or servants, to labour in making staves ; and was to have one-half of the staves manufactured, instead of cash, in payment of his .work and labour. We so understand the case. The language is, “Hardy Jones agreed with one Jenkins to get staves upon the land of Jenkins, upon shares, that is, Jones was to have one-half
 
 *546
 
 of the staves for getting them.” Evidently as payment, or a mode of payment for his work and labour. If a mart builds a vessel, or makes a coat, with the entire materials, of another, the vessel or coat, when made, belongs to the owner of the materials. If a man engages another person to come and labour on his farm, as overseer, or cropper, and stipulates with him that he shall have a share of the crop for his labour and attention, the property in the entire crop is in the employer until the share of the overseer or cropper is separated from the general mass ; and then, and not until that act is done, does the title to the share vest or become executed in the labourer. Before the separation, the labourer’s right rests upon an executory contract with the employer. Before separation, it could not be levied on to satisfy the labourer’s debts. So in the present case, the property in the entire lot of staves, was in Jenkins ; no separation of the quantity for Jones’s labour had taken place. Hardy Jones, was not, as we think, a tenant in common with Jenkins.
 

 Where one labours upon the farm of another, upon an agreement to have a share of the crop, before his share is separated from the general mass, and set apart for him, the property in the entire crop remains in his employer.
 

 The second objection taken by the defendant’s counsel, that Hardy Jones was
 
 bailee
 
 of the staves, is, in our opinion, equally untenable. The- slave of Jones worked out the staves, and left them at the place where he found the timber, and that was on the land of Jenkins, the owner. Hardy Jones, while his slave was there at work, may be said to have had charge of them, but he was not a bailee: the property and the possession was in Jenkins the owner. We discover no error in the charge of the Court. This opinion will be certified to the Superior Court of law for the County of Gates, that it may proceed to judgment.
 

 Per Curiam. Judgment affirmed.